IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EUGENE ANDERSON,**          CASE NO. 2:05-cv-1089
                             JUDGE MARBLEY
     **Petitioner,**          MAGISTRATE JUDGE KEMP

v.

**THOMAS McBRIDE, Warden,**
**REGINALD WILKINSON, et al.,**

     **Respondents.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **STAYED** pending petitioner's exhaustion of claims two through six; that petitioner be **DIRECTED** to keep the Court advised of the status of state court proceedings and return to federal court within thirty (30) days of completion of state court action. Failure to comply with the foregoing may result in dismissal of petitioner's claims.

The procedural history of this case is detailed in this Court's prior *Report and Recommendation*, June 16, 2006, Doc. No. 11. On August 24, 2006, the Court denied respondent's motion to dismiss and respondent and petitioner's request for a stay of proceedings pending exhaustion of petitioner's claims in the state courts. Petitioner had raised claims two through six of the instant federal habeas corpus petition in an August 23, 2004, petition for post conviction relief, which action was still pending in the state trial court at the time of this Court's prior order, and it did not appear that any decision was forthcoming. *See* Doc. No. 11. The Court therefore concluded that exhaustion of state court remedies would be futile, and ordered supplemental

briefing.  *See id.*  However, the record now reflects that the state trial court has denied petitioner's post conviction petition as untimely.  *See* Exhibit 26 to Return of Writ.  Petitioner filed a timely appeal of the trial court's decision, *see Petitioner's Motion for Extension of Time*, Doc. No. 21, and respondent indicates that appellate briefs have been filed by petitioner and respondent, and the case is now pending before the state appellate court.  *See Respondent's Second Supplemental Return of Writ*, Doc. No. 27.

In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court recognized a District Court's authority to stay proceedings in federal habeas corpus proceedings, rather than dismiss such actions as unexhausted.  The Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely···· Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should

> not grant him a stay at all. *See id.,* at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id*., at 277.  In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id*., at 416.  There remains a lack of consensus as to what may constitute good cause for failure to exhaust state court remedies within the meaning of *Rhines v. Weber, supra.*

> District courts have relied on [the *dicta* in *Pace v. DiGuglielmo*, supra] to find good cause... where the petitioner was confused as to whether his claims were properly exhausted in state court. *See, e.g., Rhines v. Weber*, No. 00- 5020, ___ F.Supp.2d ___, 2005 WL 3466015 at *2-4 (D.S.D. Dec. 19, 2005); *Smith v. Wolfe*, No. 2:04-CV-1010, 2005 WL 2373431 at *6 (S.D.Ohio Sept. 27, 2005); *Menzies v. Friel*, No. 03 CV 0092, 2005 WL 2138653 at *2 (D.Utah Sept. 1, 2005); *Bartelli v. Wynder*, No. Civ. A. 04-CV-3817, 2005 WL 1155750 at *2- 3 (E.D.Pa. May 12, 2005).

\*\*\*

Due to the current lack of guidance on the "good cause" issue, a handful of district courts... which have considered the issue of stay and abeyance post-*Rhines* have analogized the "good cause" standard with the showing of "cause" required to overcome a procedural bar. *Compare, e.g., Johnson v. Sullivan*, No. CV04-7923, 2006 WL 37037 at \*3 (C.D.Cal. Jan. 4, 2006) (" 'Cause' usually means some objective factor external to the petitioner which gave rise to the default. In this case, Petitioner has failed to demonstrate an external factor, not attributable to him, which provides 'good cause' for the failure to exhaust his state remedies.... Under the procedural default analogy, Petitioner's lack of legal knowledge is not 'cause' because it is not an objective factor external to petitioner which prevented compliance with the exhaustion requirement.") (citations omitted); *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1206-07 (C.D.Cal.2005) (finding no "good cause" by looking to the case law on "cause" for procedural default and determining that petitioner "has not shown that his failure to exhaust his claims resulted from any external objective factor that cannot fairly be attributed to him."); with *Bader v. Warden*, No. Civ. 02-CV-508, 2005 WL 1528761 at \*7 (D.N.H. June 29, 2005) (analogizing *Rhines* "good cause" to the "cause" needed to excuse procedural default, but also recognizing *Pace* confusion standard for cause), and with *Rhines v. Weber*, 2005 WL 3466015 at \*3-4 (rejecting the analogy of "good cause" to "cause" for a procedural default because the concerns of comity and federalism present in the latter are not at issue in a situation involving the former wherein the court allows a state court to pass judgment on the theretofore unexhausted claims, and the Court opined "that the Supreme Court suggested a more expansive definition of 'good cause' in *Pace* and *Rhines* than the showing needed for 'cause' to excuse a procedural default.... Permitting [petitioner] to return to state court to exhaust his remedies and present his ineffective assistance of counsel argument complies with the principles of comity and federalism that underlie the exhaustion doctrine. Furthermore, the exhaustion doctrine was not intended to unreasonably impair the petitioner's right to relief.") (citations omitted). Additionally, at least one district court has "simply require[d] a *prima facie* case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs." *Briscoe v. Scribner*, No. CIVS04-2175, 2005 WL 3500499 at \*2 (E.D.Cal. Dec. 21, 2005).

*Fernandez v. Artuz,* 2006 WL 121943 (S.D.N.Y. January 18, 2006).

4

Here, it appears that petitioner can establish good cause for his failure to exhaust state court remedies, since his claims remain unexhausted because the trial court failed to rule on his petition for post conviction relief for almost two years.  Further, the Court is unable to conclude that petitioner's unexhausted claims are plainly meritless.  To the contrary, petitioner's unexhausted claim that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), is potentially meritorious.  Petitioner asserts that his sentence violated *Blakely* because the trial court imposed non-minimum and consecutive terms based upon its own judicial fact-finding.  *See* Exhibit 18 to Return of Writ.  The Ohio Supreme Court dismissed petitioner's direct appeal on July 13, 2004, after the United States Supreme Court's June 24, 2004, decision in *Blakely*.  Thus, *Blakely* is applicable to petitioner's sentence in this case.  Further, the Ohio Supreme Court has held terms of Ohio's sentencing statutes that required judicial fact finding for imposition of certain sentences were unconstitutional in view of *Blakely. State v. Foster*, 109 Ohio St.3d 1 (2006).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **STAYED** pending petitioner's exhaustion of claims two through six and that petitioner be **DIRECTED** to keep the Court advised of the status of state court proceedings and return to federal court within thirty (30) days of completion of state court action.[1]   Failure to comply with the foregoing may result in dismissal of petitioner's claims.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

---

[1] Petitioner must file a timely appeal to the Ohio Supreme Court of any adverse decision by the state appellate court in order properly to exhaust state court remedies.

objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge