IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EUGENE ANDERSON,**

      Petitioner,

v.

**THOMAS McBRIDE, Warden,
REGINALD WILKINSON, et al.,**

      Respondents.

CASE NO. 2:05-cv-1089
JUDGE MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 6, 2009, final judgment was issued conditionally granting the instant petition for a writ of habeas corpus on petitioner's claim that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), vacating petitioner's sentence, and directing the State to release petitioner or re-sentence him within sixty days. The remainder of petitioner's habeas corpus claims were dismissed. This matter now is before the Court on respondent's March 18, 2009, motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Doc. No. 51. For the reasons that follow, respondent's motion, Doc. No. 51, is **DENIED.**

In this motion for reconsideration, respondent now asserts that any *Blakely* claim constituted harmless error under *Washington v. Recuenco*, 548 U.S. 212 (2006), because under *State v. Foster*, 109 Ohio St.3d 1 (2006), the trial court will certainly again re-impose the same sentence upon remand. Respondent additionally now contends that petitioner is not entitled to relief under *Blakely* because some of the sentences imposed by the trial court

were indeterminate sentences to which *Blakely* does not apply, and because, in *Oregon v. Ice*, – U.S. –, 129 S.Ct. 711 (2009), the United States Supreme Court held that *Blakely* does not apply to judicial fact finding used to impose consecutive sentences. *See Motion to Alter Judgement,* Doc. No. 50.

Rule 59 of the Federal Rules of Civil Procedure provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> (b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
>
> (c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
>
> (d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its

order.

(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

A motion to alter or amend judgment, under Fed. R. Civ. P. 59(e), may be made for one of three reasons:

1. An intervening change in law;

2. Evidence that was not previously available has become available;

3. Necessary to correct a clear error of law or prevent manifest injustice.

Fed. R. Civ. P. 59(e); *see also Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn.1997).

> Motions for reconsideration serve a limited function. They are ordinarily granted only to correct errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the motion.
>
> Motions for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the original motion. Finally, motions to reconsider are not at the disposal of parties who want to "rehash" old arguments.

*Helton*, 964 F.Supp. at 1182; *see also Cale v. Johnson*, 861 F.2d 943, 947 (6th Cir.1988); *National Metal Finishing Co. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123, 125 (1st Cir.1990)(discussing the limited nature of motions for reconsideration). Thus, motions to alter or amend, or for reconsideration, are not intended as a mechanism for the respondent to relitigate issues previously considered and rejected, or to submit evidence which in the

3

exercise of reasonable diligence could have been submitted earlier. Where the respondent seeks complete reversal of the Court's judgment by offering essentially the same arguments that he initially raised, the proper course of action is an appeal. *Helton, supra,* 964 F.Supp. at 1182 (citing *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563 (W.D. Mich.1992)).

All of respondent's arguments could have been raised prior to final disposition in this case. Further, respondent has not raised any grounds warranting relief. As already discussed by this Court, the record reflects that the trial court sentenced petitioner to more-than minimum and maximum terms of incarceration based on judicial fact-finding prohibited under *Blakely v. Washington, supra*, as well as consecutive, concurrent, and indeterminate sentences. Further, while respondent did not previously raise the issue, this Court has rejected the argument that the error is harmless under *Washington v. Recuenco, supra*, 548 U.S. at 212, simply because a trial court may, upon remand, re-impose the same sentence under *State v. Foster, supra*. *See Jordan v. Wolfe*, 2008 WL 148957 (S.D. Ohio January 14, 2007); *Villagarcia v. Warden, Noble Correctional Institution*, 2007 WL 1028528 (S.D. Ohio March 30, 2007):

> The flaw in this reasoning is that it equates a possibility of no actual prejudice in terms of the eventual sentence received with an actuality of no prejudice resulting from a constitutional error. The error in *Washington* may or may not have been impossible to remedy by jury factfinding, but speculation that a judge might repeat his or her sentence without explicit factfinding does not render an error harmless as a certainty. The former scenario involves the realities of state law-either it affords an avenue to render the error harmless or it does

4

> not-while the latter presupposes a reality in which but one outcome is certain. But because more than one outcome is possible upon re-sentencing, basing harmlessness on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of always harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a certainty that the error is harmless. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir.2005) ( "Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless").

*Villagarcia v. Warden, supra.*

For all the foregoing reasons, respondent's motion to alter judgment or amend judgment, Doc. No. 50, is **DENIED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge